UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

TRENT ADAIR HAMILTON,

        Defendant.

15-CR-143-V
ORDER

Defendant Trent Adair Hamilton is charged in two counts of a second superseding indictment. Count 3 charges him with conspiring to possess heroin, fentanyl, and cocaine with the intent to distribute those substances, in violation of 21 U.S.C. § 846; Count 7 charges him with distributing heroin and possessing heroin with the intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 811(b)(1)(C). *See* Docket Item 217.[1]

On May 31, 2016, Hamilton filed omnibus motions, including a motion to suppress intercepted telephone conversations, statements, and tangible evidence. Docket Item 306.[2] On November 9, 2016, the government responded. *See* Docket

---

[1] Hamilton originally was charged along with Michael Paul Mitchell in 14-CR-219 with conspiring to distribute heroin and with distributing heroin and possessing heroin with the intent to distribute it. *See* 14-CR-219, Docket Item 1. Because the charges in 14-CR-219 were included in the superseding indictment in 15-CR-143, the indictment in 14-CR-219 was dismissed on August 16, 2016, *see* 14-CR-219, Docket Item 82. The second superseding indictment in the instant case, 15-CR-143, Docket Item 217, includes those same charges.

[2] Hamilton's omnibus motions were originally filed in 14-CR-219, Docket Item 68, and later were re-filed in the instant case on November 9, 2017, Docket Item 306.

Item 307.[3] Because both the motions and the government's response were filed in the initial case (14-CR-219), Magistrate Judge H. Kenneth Schroeder, Jr., directed that the motions be refiled in the instant case. On November 1, 2017, Judge Schroeder denied Hamilton's omnibus motions and his motion to suppress statements, but he reserved decision on whether to suppress the intercepted phone conversations and physical evidence. On November 29, 2017, Judge Schroeder issued a Report, Recommendation and Order ("R&R"), recommending the denial of the motion to suppress the intercepted phone conversations and physical evidence and finding that a *Franks* hearing was not necessary. *See* Docket Item 325.

This Court granted Hamilton's motion to extend his time to file objections, Docket Item 355, and on January 19, 2018, Hamilton objected to Judge Schroeder's R&R. Docket Item 371. The government filed its response on February 2, 2018, Docket Item 388, and Hamilton filed his reply on February 9, 2018, Docket Item 395. This Court heard oral argument on March 9, 2018. *See* Docket Item 423. For the following reasons, this Court adopts Judge Schroeder's R&R and denies Hamilton's motions.

## **ANALYSIS**

If a defendant objects to a magistrate judge's Report and Recommendation with respect to suppression of evidence in a criminal case, the court reviews that Report and Recommendation *de novo*. *See* 28 USC § 636(b)(1); Fed. R. Crim. P. 59(b)(3). In conducting its review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[3] The government's response was originally filed on June 29, 2016, in 14-CR-219 (Docket Item 72).

**Suppression of Intercepted Phone Conversations**

In support of his motion to suppress, Hamilton advanced three legal arguments, each of which Judge Schroeder rejected. Docket Item 325.

First, Hamilton argued that the October 15, 2014 order issued by District Judge Richard J. Arcara and the November 14, 2014 order issued by District Judge Frank P. Geraci, Jr.—both authorizing wire interception—were not supported by probable cause. Second, Hamilton argued that the affidavits submitted in support of the eavesdrop applications failed to establish that electronic surveillance was necessary. Finally, Hamilton argued that the wiretap did not properly minimize the interception of communications that were not the target of the orders issued by Judges Arcara and Geraci. *See* Docket Item 306.

Relying on the two affidavits of U.S. Drug Enforcement Administration Special Agent Shane Nastoff, Judge Schroeder concluded that there was a substantial basis for Judge Arcara and Judge Geraci to conclude that a wiretap would yield evidence of drug trafficking. Judge Schroeder recognized that the defendant raised various objections to the affidavits, but he concluded that those objections did not undermine the validity of the wiretap order. This Court agrees with both those conclusions.

Special Agent Nastoff's affidavits described the history of the investigation, including the normal investigative techniques that had been used but failed, in sufficient (and indeed great) detail. Judge Schroeder accorded appropriate deference to Judge Arcara's and Judge Geraci's review and acceptance of Special Agent Nastoff's affidavits, as well as Judge Arcara's and Judge Geraci's decisions to authorize

electronic surveillance.  Specifically, Judge Schroeder correctly and appropriately concluded that "because prior investigation established that Hamilton, Mitchell, and Gillon used cell phones to make drug sales, it was likely that intercepting those defendants' phone conversations would yield evidence where other investigative measures would not."  Docket Item 325, at 9.

Judge Schroeder also correctly concluded that there was nothing in the 10-day reports to suggest that those monitoring the target cell phones failed to minimize their surveillance consistent with the explicit instructions in the orders.  And Hamilton has not identified any phone call that was intercepted but should not have been.

Finally, Judge Schroeder found that there was nothing in Special Agent Nastoff's affidavit that could be construed as a deliberate falsehood.  For that reason, and because Hamilton did not raise any other issue that might require a *Franks* hearing, he correctly denied the motion for such a hearing.  See Docket Item 325, at 10.

Hamilton challenges Special Agent Nastoff's conclusion in his affidavits that Hamilton's voice was on the intercepted calls as well as Special Agent Nastoff's interpretation of the drug jargon/slang.  He argues that Judge Schroeder erred in rejecting the defendant's argument that Special Agent Nastoff was neither a voice recognition expert nor a drug jargon expert.  This Court disagrees.  A witness need not be an expert in voice recognition or drug jargon to identify a voice or interpret the words of a conversation.  *See United States v. Gaskin*, 364 F.3d 438, 457 (2d Cir. 2004) ("courts recognize that experience and training may allow a law enforcement officer to discern probable cause from facts and circumstances where a layman might not).  Moreover, this Court agrees with Judge Schroeder that "the ultimate questions of

4

whether the defendant was the person picked up on the wiretap or whether he was brokering a drug sale are matters to be left to the jury." Docket Item 325, at 5.

In sum, this Court has reviewed the three principal bases on which Hamilton sought the suppression of the intercepted calls, finds each of those bases to lack merit, and agrees with Judge Schroeder's conclusion that the orders authorizing the wire interception were properly issued. Furthermore, Hamilton's general objection that Judge Arcara and Judge Geraci "abandoned their detached and neutral role accepting the conclusions (beliefs) included in Nastoff's Affidavit which are speculative and reckless," Docket Item 371, at 13, is wholly unsupported by the record. Indeed, there is absolutely no reason to believe that Judge Arcara and Judge Geraci did anything other than fulfill their responsibility of acting with neutrality and impartiality.

**Suppression of Physical Evidence**

Hamilton also argued that the search warrant issued for 184 High Street, Apartment 2, Lockport, NY, was not supported by probable cause. After his review of Special Agent Nastoff's affidavit in support of the search warrant, Judge Schroeder concluded that it contained ample evidence to support the conclusion that the defendant was distributing heroin and that evidence would be found at the High Street apartment. He therefore recommended the denial of the defendant's motion to suppress, and this Court agrees that the search warrant was indeed supported by probable cause.

## CONCLUSION

This Court has reviewed Hamilton's remaining arguments and objections and finds them to lack merit.

For the reasons stated above and in Judge Schroeder's R&R, Docket Item 325, this Court rejects Hamilton's objections to the R&R, Docket Item 371, and his motions, Docket Item 306, are denied.

SO ORDERED.

Dated: April 6, 2018
         Buffalo, New York

     *s/ Lawrence J. Vilardo*
     LAWRENCE J. VILARDO
     UNITED STATES DISTRICT JUDGE